Jason R. Naess, ISBN 8407
Assistant United States Trustee
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 20-40701-JMM |
| JEFFREY ALLEN KATSEANES | Chapter 11 |
| Debtor. | |

**ACTING UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY AARON J. TOLSON OF TOLSON & WAYMENT, PLLC AS COUNSEL FOR DEBTOR**
**(Docket no. 13)**

Acting United States Trustee Gregory M. Garvin, through his counsel, ("United States Trustee"), objects to Debtor's application to employ Aaron J. Tolson, of Tolson & Wayment, PLLC for the reasons set forth below.

1. Debtor filed the underlying voluntary chapter 11 petition on September 8, 2020. (Dkt. No. 1). Debtor requested a subchapter V small business designation. On the same date, Debtor also filed the Motion for Application to Approve Employment of Attorney (Dkt. No. 13, see also Dkt. No. 12)

2. A chapter 11 debtor may, "with the court's approval . . ." employ professionals if they do

1

not hold or represent an interest adverse to the bankruptcy estate and are disinterested. 11 U.S.C. §§ 327(a), 1107. Sections 328, 329 and 330 also require disclosure of the employment relationship between a debtor and attorneys and require information adequate for oversight of payment to professionals and use of potential estate funds.

3. Fed. R. Bankr. P. 2014(a) requires that the applicant make the following disclosures:

> . . . to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

4. Professionals, including attorneys for debtors, seeking to be employed bear the burden of demonstrating that they do not hold an adverse interest and are disinterested. *See Official Committee of Unsecured Creditors v. ABC Capital Markets Group (In re Capitol Metals Co., Inc.)*, 228 B.R. 724, 727 (9th Cir. BAP 1998); *Interwest Business Equipment, Inc., v. United States Trustee*, 23 F.3d 311, 317-318 (10th Cir. 1994). The Ninth Circuit Court of Appeals has held that the disclosure requirements of Rule 2014 are to be strictly applied, an applicant must disclose the precise nature of the fee arrangement, and every connection, no matter how trivial it may seem, must be disclosed. *See Neben & Starrett, Inc. v. Chartwell Financial Corp.* (*In re Park-Helena Corp.*), 63 F.3d 877, 881-82 (9th Cir. 1995). The Court, the United States Trustee, and other parties in interest are entitled to rely on employment applications and the accompanying verified statements. *See Law Offices of Nicholas A. Franke v. U.S. Trustee (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997). The fact that connections or conflicts may be uncovered by the Court or others checking documents in the underlying bankruptcy case or other

2

pending cases does not excuse failure to make full disclosure. *See In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 236 (Bankr. E.D. Cal. 1988) ("It is not sufficient that information might be mined from petitions, schedules . . . or other sources.").

5. On September 8, 2020, Debtor filed an application to employ Aaron J Tolson of Tolson & Wayment, PLLC (Dkt. No 13). Supplemental material included a fee agreement and other disclosures educating Debtor on obligations in bankruptcy proceedings, signed by Debtor (Dkt. 13-1); however, it did not include a verified statement from Aaron J. Tolson ("Counsel").

6. Mr. Tolson is not eligible to be employed as counsel for Debtor because he has not provided a verified statement indicating he is disinterested as required by Fed. R. Bankr. P. 2014(a), Bankr. Local R. 2014.1(a)(2), and 11 U.S.C. § 327(a).

7. Counsel filed a previous chapter 13 case and did work for Debtor in connection with that case; the case was subsequently dismissed, *In re Jeffrey Allen Katseanes and, Billie Katseanes*, 18-41017-JMM. Counsel is not eligible for employment in this chapter 11 case because his application for employment does not establish facts necessary to show his prior work for Debtor does not create a conflict of interest. Not only is Counsel's prior connection to Debtor undisclosed, but it is unknown whether there were any amounts still owing to Counsel for chapter 13 work when the chapter 11 petition was filed. This hinders an analysis of Counsel's disinterestedness. Counsel has not filed an appropriate verified statement complying with Local Rule 2014.1 including disclosure of interests related to prior work for Debtor.

8. The Motion for Application to Approve Employment of Attorney cannot be granted because the Certificate of Service for the Application does not indicate the 20 largest creditors were served with the Application, as required by Bankr. Local R. 2014.1(b)(3). The Certificate

3

of Service indicates only the US Trustee was served (see Dkt. No. 13 at 4). While other parties may have been served via CM/ECF service, there is no indication as to who those parties were and whether they may have been included among the 20 largest creditors. The 20 largest creditors will need to be served, and they will also need to be given the full 21 days' notice to object to the Application.

9. The Motion for Application to Approve Employment of Attorney cannot be granted because of significant inconsistencies regarding the retainer identified in the Fee Agreement (Dkt. No. 12) and the Disclosure of Compensation (Dkt. No. 7). The retainer amount is not set out in the Application itself; interested parties should not have to search for this in other filings to see if a retainer was paid. *See In re B.E.S. Concrete Products, Inc.*, 93 B.R. at 236; *In re Lewis*, 113 F.3d at 1045. Even so, in the Disclosure of Compensation (Dkt. No. 7) the precise amount of the retainer is unclear. A retainer of $4,000 is stated in one filing (Dkt. No. 7 at 1), but $5,000 is stated in another filing (Dkt. No. 12 at 1). Further, the Disclosure of Compensation indicates a "flat fee" of $4,000 for chapter 11 legal services was paid (Dkt. No. 7 at 1), while the Application indicates an hourly rate. The fee agreement was signed by Debtor and dated on September 7, 2020—one day before the petition was filed. It stated, "Client shall pay an initial retainer of $5,000," (Dkt. No. 12 at 1) suggesting that payment of a retainer was anticipated in the future, which may conflict with provisions of 11 U.S.C. § 329(a) and with § 330 requiring court approval for post-petition compensation if paid from Debtor to Counsel without approval.

10. Counsel was duty bound to disclose these facts in his employment application. *See In re Park-Helena*, 63 F.3d at 880, 882 (attorney must disclose "[a]ll facts that may be pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the

4

estate"). Had this been discovered later, Counsel could be denied all compensation. *Id.* at 881, 882 ("[n]egligent or inadvertent omissions do not vitiate the failure to disclose," and such a failure "may result in a denial of all requested fees."). In sum, the Application (including the Disclosure and Fee Agreement in other filings), as it is, does not allow the United States Trustees or other interested parties to discern Counsel's employment arrangement with Debtor and compliance with §§ 327-330 and Rule 2014.

For the foregoing reasons, the application to employ should be denied.

Date:   October 2, 2020                          GREGORY M. GARVIN
                                                                     Acting United States Trustee
                                                                     Region 18


                                                    By: /s/ Andrew S. Jorgensen
                                                             ANDREW S. JORGENSEN
                                                             Attorney for the Acting United States Trustee
                                                             Andrew.jorgensen@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on October 2, 2020, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

      Jesse A.P. Baker on behalf of Creditor BANK OF AMERICA, N.A.
ecfidb@aldridgepite.com, JPB@ecf.courtdrive.com

      Jared M Harris on behalf of Creditor Judy Katseanes
jharris@bakerharrislaw.com, cblackburn@bakerharrislaw.com

      Gary L. Rainsdon, Subchapter V Trustee
trustee@filertel.com

      Andrew Seth Jorgensen on behalf of U.S. Trustee US Trustee
andrew.jorgensen@usdoj.gov

      Jason Ronald Naess on behalf of U.S. Trustee US Trustee
Jason.r.naess@usdoj.gov

      Aaron J Tolson on behalf of Debtor Jeffrey Allen Katseanes
ajt@aaronjtolsonlaw.com

      US Trustee
ustp.region18.bs.ecf@usdoj.gov

      All CM/ECF registered participants receiving notice in this case, but not reflected herein

Date:   October 2, 2020

                                           /s/ Andrew S. Jorgensen
                                             ANDREW S. JORGENSEN